IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMAN R. WILLIS, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. RDB-02-2853 |
| LEAH YOUNGBLOOD, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

## **MEMORANDUM OPINION**

Presently pending before this Court is the Renewed Motion of the Defendants Gary Knight and Robert Huff for Judgment as a Matter of Law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure or, in the alternative, for a new trial pursuant to Rule 59(a), as a result of a jury verdict against them on October 22, 2004, after a five-day jury trial. The Defendants having timely filed their Motion, briefs having been submitted and reviewed, a hearing having been held on June 15, 2005, and this Court having reviewed the transcripts of the trial, for the reasons set forth below, the Defendants' Motion for Judgment as a Matter of Law is GRANTED.

I.  BACKGROUND

   A.   Procedural History

On August 27, 2002, in an initial Complaint, and on August 22, 2003, in the form of an Amended Complaint, the Plaintiff, Norman R. Willis, an inmate at the Western Correctional Institution ("WCI") in Hagerstown, Maryland, filed this civil rights action against John P. Galley, the Warden of WCI, the Defendants Knight and Huff, correctional officers at WCI, and additional correctional officers Leah Youngblood, Steven Shaffer, Brian Clise, David Swanger,

Floyd Farris, William Carr, James Shreve, Thomas Riggleman, Steven Roach, and Messers. Wills and Talley.  The 12-count Amended Complaint alleged violations of 42 U.S.C. § 1983, § 1985(2) and § 1986 by the Defendants.  Counts 1, 6, 10, 11, and 12 were voluntarily dismissed by the Plaintiff prior to trial resulting in the dismissal of Defendants Carr, Wills, Talley, and Galley completely from the case and the entry of judgment in their favor.

The case proceeded to a trial before a jury on October 18, 2004.  At the conclusion of the Plaintiff's case, the Defendants moved, pursuant to Rule 50(b), for Judgment as a Matter of Law as to certain Defendants and for dismissal of certain counts.  This Court dismissed counts 2, 6, 7, 8, 9, 10, 11, and 12 of the Amended Complaint and dismissed from the case and entered judgment in favor of the Defendants Shreve, Farris, Carr, Riggleman, and Roach.  This Court further dismissed counts 1 and 3 as to the Defendants Shaffer and Knight.  At the close of the evidence, the remaining Defendants moved for Judgment as a Matter of Law, and their Motion was denied.   Count 1 (as to Defendants Knight and Youngblood), Count 3 (as to Defendant Shaffer), Count 4 (as to Defendants Knight, Huff, and Clise), and Count 5 (as to Defendants Youngblood and Swanger), were submitted to the jury.[1]   The remaining four counts all alleged use of excessive force in violation of 42 U.S.C. § 1983 on different dates relating to different incidents.  On October 22, 2004, the jury returned verdicts in favor of the Defendants Youngblood and Knight on Count 1, in favor of the Defendant Shaffer on Count 2, in favor of the Defendant Clise as to Count 3, and in favor of the Defendants Youngblood and Swanger as to Count 4.  The jury returned a verdict in favor of the Plaintiff Willis, against Defendants

---

[1] For the purpose of submission to the jury, count 3 was renumbered as count 2 and counts 4 and 5 were renumbered counts 3 and 4.

2

Knight and Huff, on Count 3. The jury awarded Mr. Willis $1.00 in nominal compensatory damages and $45,000.00 in punitive damages. Subsequently, the Defendants Knight and Huff timely filed their renewed motion for Judgment as matter of law, or in the alternative for a new trial.

B.      Relevant Facts

The particular count on which the jury returned its verdict as to the Defendants Knight and Huff (count 4 of the Amended Complaint submitted to the jury as Count 3) related to alleged civil rights violations arising on October 3, 2002.[2] On that date, the Defendants Knight and Huff were escorting the Plaintiff Willis to see the Defendant Riggleman in connection with a complaint filed by Willis. The Plaintiff acknowledged in his testimony that "as they was escorting me up there, I was resisting to go up there and Officer Knight kept pulling me." (Oct. 18, 2004 Tr. at 67.) Willis testified that "Officer Knight grabbed me from the front, pushed me up against the wall . . . and hit my head up against the wall." (*Id.* at 68.) He further testified that while "handcuffed from behind" Officers Knight, Huff and, Clise leaned him "over the rail as if they were going to throw me down the steps . . . and . . . let me go." (*Id.*) In conclusion, Willis testified that "they just shoved me and pushed me up against the wall, hit my head against the wall, threw me in the chair while I was handcuffed then my wrists was bruised up." (*Id.*)

There was no evidence submitted at trial of any physical injury to the Plaintiff. There were no medical reports, nor any administrative records indicating that the Plaintiff ever suffered a scratch or a bruise as a result of the October 3, 2002, incident. While the Defendants Knight,

---

[2] In light of the earlier rulings of this Court and the jury verdict as to the other Defendants, this Court does not recite the plethora of other allegations by the Plaintiff, or the evidence submitted thereto.

Huff, and Clise did not remember the events of October 3, 2002, they denied Willis' allegations. Another prison inmate, Michael Graham, testified that while Huff had Willis handcuffed, Knight pushed Willis into a wall.

II.     STANDARD OF REVIEW

    A.     Renewed Motion for Judgement as a Matter of Law

The standard for granting a renewed motion for judgment as a matter of law, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, is precisely the same as the standard for granting the motion prior to the submission to the jury. *See* Wright and Miller 9A Federal Practice and Procedure 2d § 2537. The United States Court of Appeals for the Fourth Circuit has noted that a court should not "disturb a jury verdict 'unless without weighing the evidence or assessing witness credibility, [it] conclude[s] that reasonable people could have returned a verdict' only for the moving party." *Randall v. Prince George's County, Md.*, 302 F.3d 188, 201 (4th Cir. 2002) (quoting *Cooper v. Dyke*, 814 F.2d 941, 944 (4th Cir. 1987)). "If a reasonable jury could reach only one conclusion based on the evidence or if the verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture, judgment as a matter of law must be entered." *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005) (citing *Crinkley v. Holiday Inns, Inc.*, 844 F.2d, 156, 160 (4th Cir. 1988). This Court must view the evidence in the light most favorable to the Plaintiff, and the Plaintiff receives the benefit of all inferences. *See Cooper v. Dyke*, 814 F.2d 941, 944 (4th Cir. 1987).

    A.     Motion for New Trial

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, this Court may grant a new trial if this Court is "of the opinion that (1) the verdict is against the clear weight of the

4

evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. and Sers., Inc. v. Crane Nat. Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996) (quoting *Aetna Casualty and Sur. Co. v. Yeats*, 122 F.2d 350, 352-53 (4th Cir. 1941)).  The decision to grant or deny a new trial rests within the discretion of this Court.  *See Bristol Steel & Iron Works v. Beth Steel Corp.*, 41 F.3d 182, 186 (4th Cir. 1994).

III.   DISCUSSION

A prisoner's claim of excessive force in a § 1983 action against prison guards is analyzed under the Eighth Amendment as applicable to the states, pursuant to the due process clause of the Fourteenth Amendment.  *See Marshall v. Odom*, 156 F. Supp. 2d 525, 529 (D. Md. 2001) (citing *Robinson v. California*, 370 U.S. 660 (1962)).  As this Court has noted, the Prison Litigation Reform Act specifically provides that a § 1983 action may not be brought by a prison inmate "without a prior showing of physical injury." *Marshall*, 156 F. Supp. 2d at 529 (quoting 42 U.S.C. § 1997e(e)).  Specifically, a prisoner alleging in a § 1983 action that prison guards have violated his constitutional rights by the use of excessive force cannot sustain his claim where his injuries are *de minimis*.  *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (*en banc*), *cert denied*, 513 U.S. 1114 (1995).

In the *Norman* case, the Fourth Circuit analyzed the Supreme Court's decision in *Hudson v. McMillian*, 503 U.S. 1 (1992).  The court noted that while the Supreme Court had rejected a significant injury requirement in an excessive force claim, "*de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind' are beyond 'constitutional recognition.'" *Norman*, 25 F.3d at 1262 (quoting *Hudson*, 503 U.S. at 9-

10). The Fourth Circuit noted that the Eighth Circuit in *Cummings v. Malone,* 995 F.2d 817, 822-23 (8th Cir. 1993), and the Fifth Circuit in *Rankin v. Klevenhagen* 5 F.3d 103, 108 (5th Cir. 1993) similarly require some type of physical injury in an excessive force claim in the aftermath of the Supreme Court's opinion in *Hudson*. In an *en banc* opinion, the Fourth Circuit in *Norman* held "that, absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." *Norman*, 25 F.3d at 1263.

The standard set by the Fourth Circuit in *Norman*, with respect to claims made by prison inmates, has been consistently recognized. *See Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997) (*en banc*), *cert denied*, 522 U.S. 1030 (1997); *United States v. Walsh*, 194 F.3d 37, 50 (2d. Cir. 1999). This Court has consistently applied that standard in excessive force claims of such inmates. *See Beckwith v. Hart*, 263 F. Supp. 2d 1018, 1024 (D. Md. 2003); *Marshall,* 156 F. Supp. 2d at 530. In *Taylor v. McDuffie*, 155 F.3d 479 (4th Cir. 1998), *cert denied*, 525 U.S. 1181 (1999), the Fourth Circuit noted that abrasions on the wrists and ankles, and "tenderness over some ribs", were *de minimis* injuries and that the plaintiff did not seek medical treatment "for at least 12 hours after the incident." *Id.* at 484-85. It was held that "no reasonable jury could conclude that [plaintiff's] injuries were more than *de minimis*." *Id*. at 485. This requirement of some sort of physical injury has been criticized.[3]

Applying the Fourth Circuit's standard set forth in *Norman v. Taylor* to this case, it is

---

[3] The dissenting opinion in *Taylor v. McDuffie* suggested that the majority opinion "was based on a patent misreading" of the Supreme Court's decision in *Hudson*. 155 F.3d at 485 (Murnaghan, J. dissenting). One District Court has suggested that the Fourth Circuit's holdings in *Norman* and *McDuffie* "are seemingly in conflict" with the Supreme Court's opinion in *Hudson. See Watford v. Gruse* 126 F. Supp. 2d 425, 426 (E.D. Va. 2001) (citations omitted); *see also Brooks v. Kyler*, 204 F.3d 102 (3rd Cir. 2000).

quite evident that with respect to the Defendants Knight and Huff and the events of October 3, 2002, there is absolutely no evidence of any injury to support Willis' claim of excessive use of force. While the facts of this case presented at trial should concern any Maryland citizen, those facts must be analyzed separately with respect to each Defendant and each allegation.[4] Facts introduced at trial as to some other correctional officers cannot be applied to the Defendants Knight and Huff to support a jury verdict against them. There was no evidence introduced at trial indicating any physical injury of any kind resulting from the events of October 3, 2002. There was no indication of a bruise, swelling or even the filing of a medical complaint. As aptly noted by the United States Court of Appeals for the Second Circuit in *Boddie v. Schnieder,* "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." 105 F.3d 857, 862 (2d Cir. 1997) (internal quotation and citation omitted). "Indeed, not even every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* As a matter of law, the Plaintiff Willis cannot prevail on an excessive force claim against the Defendants Knight and Huff. This Court is compelled to hold that no reasonable jury could conclude that Willis suffered any injuries on October 3, 2002, that were more than *de minimis*.

IV.   CONCLUSION

For the reasons set forth above, the Renewed Motion of the Defendants Knight and Huff for Judgment as a Matter of Law is GRANTED. Judgment in their favor shall be entered on

---

[4] Included in the record of this case is evidence that one of the other Defendants, against whom there is no judgment, wore a T-shirt referring to a unit of WCI as a "House of Pain." This Court finds such conduct on the part of a Maryland correctional officer to be repugnant even if it does not result in a constitutional violation of excessive use of force.

Count 4 of the Amended Complaint submitted to the jury as Count 3.  A separate Judgment Order follows.

August 31, 2005                             /s/ _____
                                            Richard D. Bennett
                                            United States District Judge